UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VICTOR CHARLES FOURSTAR, JR.,

       Plaintiff,

v.                                                                      Case No.  5:16cv334/MP/CJK

RAMONA HOOKS, et al.,

       Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff has filed a civil rights complaint on the form for use by prisoners in actions under 42 U.S.C. § 1983, alleging that twenty-one employees of the Federal Bureau of Prisons have violated his First, Fifth, Eighth and Fourteenth Amendment rights in various ways.  (Doc. 1).  Plaintiff's complaint was filed on December 8, 2016, while plaintiff was a federal prisoner confined at the Federal Correctional Institution in Marianna, Florida.  (Doc. 1, p. 9 in ECF).[1]  Plaintiff's complaint was accompanied by a motion to proceed *in forma pauperis*.  (Doc. 2).  Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from

---

[1] Plaintiff alleged that he would be released on December 9, 2016.  (Doc. 1, p. 11 in ECF).  The Federal Bureau of Prisons inmate locator confirms that plaintiff was released from incarceration on December 9, 2016.  *See* www.bop.gov/inmateloc/.

proceeding *in forma pauperis*, fails to show he is under imminent danger of serious physical injury, and failed to pay the filing fee upon initiation of this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A litigant's status as a prisoner is determined at the time he files his suit.  *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 668 n.1 (7th Cir. 2012) ("'[P]risoner' status under the PLRA turns on whether the plaintiff was confined when the suit was filed." (*citing Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004))); *see also Harris v. Garner*, 216 F.3d 970, 979-80 (11th Cir. 2000) (holding that the phrase "may be brought", as used in another provision of the PLRA, 42 U.S.C. § 1997e(e), refers to the litigant's filing status at the time the lawsuit is filed; citing as persuasive authority cases from other circuits that have held that § 1915(g), being written in the present tense, focuses on "the filing of a suit or appeal, not its continuation."); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) ("[T]he language of § 1915(g), by using

the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.").

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)  (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).  The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff was a prisoner at the time he filed this lawsuit.  *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.").  The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted.  *See e.g.,*

*Fourstar v. Murlak*, Case No. 2:07cv5892-ODW-SS, 2010 WL 2163993 (C.D. Cal. May 26, 2010) (dismissing action as frivolous and for failure to state a claim); *Fourstar v. Zemyan*, Case No. 4:08cv50-SEH, Docs. 4, 9 (D. Mont. Aug. 26, 2008) (dismissing action for failing to state a federal claim); *Fourstar v. Ness*, Case No. 4:05cv108-SEH, Docs. 3, 10 (D. Mont. Apr. 26, 2006) (dismissing action for failure to state a federal claim). The foregoing cases may be positively identified as filed by plaintiff because they bear his Federal Bureau of Prisons' inmate number, "07418-046."[2] Plaintiff's status as a three-striker has been recognized by this court. *See Fourstar v. Archer*, No. 5:15cv248/MP/EMT, 2015 WL 7307038 (N.D. Fla. Oct. 13, 2015), *Report and Recommendation adopted sub nom. Fourstar v. Alexander*, 2015 WL 7313398 (N.D. Fla. Nov. 17, 2015). Plaintiff, himself, recognizes his status as a three-striker. (Doc. 2). Plaintiff asserts in his motion to proceed *in forma pauperis* that although this case "is an action for the denial of access to the court", he satisfies the "imminent danger" exception of § 1915(g), because "On 11/3/2016 FCI-Marianna, FL Food Service & Medical Depart. gave me food poison salmenella [sic] without any medical care rendered on 11/4/2016." (Doc. 2, p. 1).

---

[2] Plaintiff has been identified as a three-striker in multiple jurisdictions. *See e.g., Fourstar v. Garden City Group, Inc.*, Case no. 1:15mc76-UNA, Doc. 4 (D. D.C. Jan. 22, 2015); *Fourstar v. Costello*, Case No. 3:14cv957-NJR, Docs. 5, 7 (S.D. Ill. Dec. 9, 2014); *Fourstar v. Decou*, 4:13cv93-DWM, Docs. 4, 5 (D. Mont. Nov. 15, 2013); *Fourstar v. Eckroth*, Case No. 3:12cv615-JMM-EC, Doc. 5 (M.D. Pa. Apr. 9, 2012); *Fourstar v. Brown*, Case No. 4:11cv230-FRZ-PSOT, Doc. 5 (D. Ariz. May 18, 2011).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g); *Brown, supra*.   The allegations of plaintiff's complaint, accepted as true, fail to make that showing.   Plaintiff alleges that the defendants:  (1) failed to consider him for placement in a residential re-entry center (RRC), (2) failed to supply him with legal postage, (3) misadvised him about the weight of his legal mail, (4) denied him postage and copies, (5) illegally inspected his mail, (6) deprived him of good conduct time, (7) failed to supply him with a complete set of his medical records, (8) refused to provide him with a "religious and sacred ceremonial meal", (9) placed him on a call out for a "sex offender management program handbook procedures" and (10) refused to mail his legal files home upon his release.  (Doc. 1, pp. 6-7 in ECF).  These allegations fall far short of satisfying the imminent danger exception to 28 U.S.C. § 1915(g).

Plaintiff's allegation of food poisoning over one month ago is also insufficient.  *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)]".).  Because plaintiff is barred from

proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this action, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 16th day of December, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.